## CRITCHELOW'S ADMR. v. HAGERMAN.

Statements — Confession — Attorney and Client — Evidence.

> The statements or confession of a party to an action, in relation to the subject-matter of the controversy, as a general rule, are competent as evidence against him; but such statements or confessions must have been made by him, or made in his presence, and assented to by him. An attorney's statements made in the absence of his client is not competent evidence.

APPEAL FROM JEFFERSON CIRCUIT COURT—COMMON PLEAS
DIVISION.

June 26, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

After appellee's demurrer to the petition was sustained he withdrew the amended petition and it then was no longer a part of the pleadings in the action.

The statements or confessions of a party to an action in relation to the subject-matter of the controversy as a general rule are competent as evidence against him; but such statements or confessions must have been made by him, or have been made in his presence, and assented to by him.

The statements contained in the amended petition were made, as the attorney proves, by himself in the absence of appellant, that he had never read them, and did not know what the paper contained. They were consequently neither made nor assented to by appellant and should not have been admitted as evidence against him. What weight was given to them by the jury, or what influence they may have had in producing the verdict, is not for us to say; but it is alleged in said amendment that the intestate sold and delivered the mares to appellee, which, if the jury believed to be true, must have been fatal to a recovery in this action. In view of the facts proved by the attorney said amended petition was not competent evidence and was improperly admitted. Wherefore, the judgment is reversed, and the cause is remanded for a new trial, and for further proceedings consistent herewith.